145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Modou Basiru SAMBA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70637.
INS No. Aad-urn-rsf.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1998.
Decided May 19, 1998.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service.
 
 
 2
 Before THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Modou Basiru Samba, a native and citizen of Gambia, petitions pro se for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 5
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is statutorily ineligible for relief, and we will not reverse unless the evidence compels a contrary result. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 6
 Samba contends that he established a well-founded fear of future persecution on account of political opinion. We disagree. Samba's testimony and his evidence would not compel a reasonable factfinder to find the requisite fear of persecution on account of political opinion. See id.
 
 
 7
 Samba failed to present any evidence that the Armed Forces Provision Ruling Council (AFPRC) was aware of his former involvement in the People's Progressive Party (PPP), or that the AFPRC imputed a political opinion to him. See id. at 1487-90; see also Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994) (stating that the well-founded fear standard requires petitioner to establish that he faces a particularized threat of persecution). Although Samba testified that a half-brother was killed, a brother fled to Senegal, an aunt is under house arrest and an uncle is in custody for their association with the PPP, he did not establish by any substantial evidence that if he were to return to Gambia, these incidents would be used against him. He made no claim of past persecution, and he was not a leader of the party of the overthrown government. Although the State Department profile stated that close relatives of those involved in abortive coup attempts were at risk, Samba kept his relationship to his half-brother a secret even from his friends. The IJ also noted Samba's lack of credibility pertaining to his asserted relationship to his "half-brother," and his assertion that his aunts were prominent PPP leaders. Moreover, the State Department profile stated that there was "no evidence thus far that mere support of [the former government] would cause a person to be subjected to harassment by the new ... government."
 
 
 8
 As to the letters Samba wrote to Gambian newspapers and the coup leader, the newspapers apparently never published the letters and there was no proof that Samba's letter to the coup leader was actually mailed other than his testimony. With regard to Samba's testimony, the IJ found that his credibility was "poor" and stated "the Court does not believe that [Samba] really sent the letter." The letters Samba presents which he says were mailed from Gambia suffer from the same evidentiary flaw.
 
 
 9
 We conclude that substantial evidence supports the BIA's determination that Samba is statutorily ineligible for asylum. See Sangha, 103 F.3d at 1487.
 
 
 10
 Because Samba failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the higher standard required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)